1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GIL CROSTHWAITE, JOHN BONILLA, in their
respective capacities as Trustees of the OPERATING
ENGINEERS HEALTH AND WELFARE TRUST
FUND FOR NORTHERN CALIFORNIA; PENSION
TRUST FUND FOR OPERATION ENGINEERS;
PENSIONED OPERATING ENGINEERS HEALTH
AND WELFARE FUND; OPERATING ENGINEERS
AND PARTICIPATING EMPLOYERS PRE-
APPRENTICESHIP APPRENTICE AND
JOURNEYMEN AFFIRMATIVE ACTION
TRAINING FUND; OPERATING ENGINEERS
VACATION AND HOLIDAY PLAN; OPERATING
ENGINEERS CONTRACT ADMINISTRATION
TRUST FUND; OPERATING ENGINEERS
MARKET PRESERVATION TRUST FUND;
BUSINESS DEVELOPMENT TRUST FUND; and
HEAVY AND HIGHWAY COMMITTEE,

                                        Plaintiffs,

        v.

CULP'S SOIL STABILIZATION, a California
corporation, and ALVIN HOM, individual,

                                        Defendants.

_____/

No. C 05-02270 MHP

**MEMORANDUM & ORDER**
**Re: Motion for Summary Judgment**

        Plaintiffs Gil Crosthwaite et al. filed this action, seeking damages arising out of the alleged

failure of defendants Culp's Soil Stabilization ("Culp") et al. to make sufficient contributions to

several union trust funds (the "Trust Funds").  Now before the court is plaintiffs' motion for

summary judgment.  Having considered the parties' arguments and submissions, and for the reasons

set forth below, the court enters the following memorandum and order.

UNITED STATES DISTRICT COURT
For the Northern District of California

BACKGROUND

Culp is a construction company and a signatory to a collective bargaining agreement with the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers.  Under the terms of the collective bargaining agreement, Culp is required to make contributions to various Operating Engineers Trust Funds:  "[t]he Individual Employer will make . . . payments for each hour worked or paid each Employee by an Individual Employer covered by this agreement."  Declaration of Wayne McBride in Support of Plaintiffs' Motion for Summary Judgment ("McBride Dec."), Exh. B at 114–15.

Culp employs members of Local No. 3 to operate construction equipment, including spreaders, mixers, and dozers.  Due to fluctuations in the amount of available work operating construction equipment, Culp employs the same workers to perform other tasks, such as operating water trucks.  Culp has historically paid a lower wage for hours spent performing these other tasks.

Culp provides transportation between its facility and its job sites.  According to Culp, however, its workers are not required to make use of the transportation, and are free to travel to job sites on their own.  Culp has historically paid its workers for travel time, though at a rate lower than the union members' negotiated rate in the agreement.

Plaintiffs, who are trustees of the various Trust Funds, allege that Culp has failed to make contributions to the Trust Funds for certain hours worked by its union employees.  Specifically, plaintiffs allege that Culp failed to make contributions for hours spent performing other tasks such as operating water trucks and hours spent traveling between Culp's facility and work sites.  As a result, according to plaintiffs, Culp owes the amount previously withheld, plus additional liquidated damages, interest, attorneys' fees and costs.  Culp argues that it was only required to contribute to the Trust Funds for hours spent operating construction equipment.  In addition, Culp disputes the hours attributed to one of the employees.  Finally, Culp argues that Alvin Hom, the president of Culp, cannot be found individually liable because he was not employed by Culp at the time Culp became a signatory to the collective bargaining agreement.

2

UNITED STATES DISTRICT COURT
For the Northern District of California

LEGAL STANDARD

Summary judgment is proper when the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id. The party moving for summary judgment bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). On an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Mere allegations or denials do not defeat a moving party's allegations. Id.; Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 960 (9th Cir. 1994). The court may not make credibility determinations, and inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the motion. Masson v. New Yorker Magazine, 501 U.S. 496, 520 (1991); Anderson, 477 U.S. at 249.

The moving party may "move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." Fed. R. Civ. P. 56(a). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e).

UNITED STATES DISTRICT COURT
For the Northern District of California

1    DISCUSSION

2    I.      Culp's Obligation to Contribute to the Trust Funds

3           Other than as discussed in Part II, infra, the parties are substantially in agreement as to the

4    number of hours worked by defendants' employees.[1]  The parties also agree on the type of work

5    performed during those hours, whether operating construction equipment, operating other equipment

6    such as water trucks, or traveling to and from the work site.  The central dispute in plaintiffs'

7    summary judgment motion is whether Culp was required to make contributions for hours not spent

8    operating construction equipment.

9           Culp argues that hours spent on other tasks are not "covered work" under the collective

10   bargaining agreement, and therefore need not be compensated according to the terms of the

11   agreement.  Plaintiffs respond that under the language of the agreement, Culp was required to make

12   contributions to the Trust Funds for all hours worked by a covered employee, regardless of whether

13   the hours fell into the categories of covered work specifically enumerated in the agreement.

14          The District of Hawaii considered a nearly identical legal dispute in Operating Engineers'

15   Trust Funds v. Kinores, 902 F. Supp. 1201 (D. Haw. 1995).  In Kinores, the Trust Funds sued a

16   contractor for failure to make contributions.  Id. at 1203.  The contractor claimed that it was not

17   required to make contributions for the hours its employees spent performing tasks not enumerated in

18   the collective bargaining agreement:

19          Because there was insufficient operating engineer work to keep Sean and Jerry
            employed for 40 hours a week, Kinores wanted Sean and Jerry to also perform
20          masonry and laborer tasks.  However, because this work is not covered by the CBA,
            Kinores questioned whether he was required to pay Sean and Jerry according to the
21          CBA's rate schedule or contribute to the trust funds for the hours Sean and Jerry
            engaged in these tasks.
22

23   Id.  The relevant clause in the Kinores agreement required the employer to make contributions to the

24   trust funds for "each hour worked by or paid to each Employee covered by this Agreement."  Id. at

25   1205.  The court held that the defendant was required to make contributions for the hours spent

26   performing non-covered tasks, noting that "[i]t is well settled in the Ninth Circuit that where an

27   employee splits his worktime between a position covered by a CBA and a position not covered, the

28

                                                         4

employer must contribute for all the hours the employee works or is paid." <u>Id.</u> at 1204 (citing <u>Operating Eng's Pension Trusts v. B & E Backhoe, Inc.</u>, 911 F.2d 1347, 1351 (9th Cir. 1990); <u>Operating Eng's Pension Trust v. A-C Co.</u>, 859 F.2d 1336, 1341 (9th Cir. 1988); <u>Kemmis v. McGoldrick</u>, 706 F.2d 993, 997 (9th Cir. 1983); and <u>Waggoner v. Dallaire</u>, 649 F.2d 1362, 1369 (9th Cir. 1981)).

The contribution clause at issue in this lawsuit is nearly identical to that considered in <u>Kinores</u> and the cases cited therein. Culp nonetheless offers three reasons why it should not be required to make contributions in this case. First, Culp claims that the past practice of the parties establishes that defendants were not obligated to make contributions for non-covered time. According to Culp, the Trust Funds conducted an audit of Culp's payment records in 1999 and 2000 and did not object to the amount of Culp's contributions for that period. Culp suggests that this audit must have revealed hours of non-covered work for which Culp failed to contribute to the Trust Funds; the court assumes this to be true for purposes of resolving this motion. Although Culp concedes that the language of the collective bargaining agreement is clear and has previously been interpreted by the courts of this circuit, Culp argues that evidence of the parties' past practice is admissible to establish that the collective bargaining agreement should be given a different interpretation when applied to Culp.

The two cases cited by Culp, however, do not support reliance on extrinsic evidence in this case. In <u>Syufy Enterprises v. Northern California State Association of IATSE Locals</u>, 631 F.2d 124 (9th Cir. 1980), the Ninth Circuit noted that "[t]he words in [a collective bargaining] agreement must be understood in the context of the history of the negotiations which gave rise to their inclusion" and held that "[c]ourts and arbitrators may rely upon extrinsic evidence to interpret various aspects of collective bargaining agreements," but also noted that "[w]e do not hold that an arbitrator may rely upon negotiating history to contradict express provisions of a collective bargaining agreement." <u>Id.</u> at 126. In other words, the conduct of the parties up to and including the time of negotiation of the agreement is relevant to "interpreting the substantive provisions of the bargaining agreement," where such interpretation is required. <u>See id.</u> Here, however, the agreement expressly requires that

1   the employer contribute for "each hour worked or paid each Employee by an Individual Employer

2   covered by this agreement."  McBride Dec., Exh. B at 114–15.  This language is clear, particularly

3   in light of the consistent Ninth Circuit precedent cited in Kinores.  Moreover, unlike in Syufy, Culp

4   seeks to rely on parol evidence from the period after the time of the formation of the agreement.  The

5   parties' practice subsequent to the negotiation and formation of the collective bargaining agreement

6   is not part of the "context of the history of the negotiations" and is beyond what the Syufy court

7   considered.

8           Warehouseman's Health & Welfare Fund v. IT Corp., 524 F. Supp. 96 (C.D. Cal. 1981), also

9   cited by Culp, states broadly that "[t]he Ninth Circuit rule is that evidence of both bargaining history

10  and the parties' past practices is admissible despite an unambiguous document."  Warehouseman's

11  Health & Welfare Fund is not helpful to Culp in this action for two reasons.  First, to the extent Culp

12  argues that the rule in Warehouseman's Health & Welfare Fund permits the written terms of a trust

13  fund provision to be modified through subsequent oral agreements, the Ninth Circuit expressly

14  rejected Culp's argument in Kemmis:  "The policy behind section 302(c)(5) [of the Labor

15  Management Relations Act] requires that contract interpretation of fringe benefit provisions be

16  confined to the written terms of the welfare trust fund agreement."  706 F.2d at 996.  This is so

17  because "[o]ral agreements between union representatives and employers regarding the meaning of a

18  written trust fund agreement are difficult to prove."  Id.  Second, collective bargaining agreements

19  should be "interpreted and enforced in a uniform manner."  Id. at 997.  The Ninth Circuit has

20  repeatedly interpreted employee benefit provisions such as the one at issue here, and has concluded

21  in each case that employers are required to make contributions for both covered and non-covered

22  work.  See Kinores, 902 F. Supp. at 1204 (collecting cases).

23          Culp next argues that Kinores and the cases cited therein are distinguishable because they

24  involve workers that divided individual shifts between covered and non-covered work.  According to

25  Culp, Culp's employees do no split single shifts in the same fashion.  The rule cited in Kinores,

26  however, applies to any employee who "splits his worktime between a position covered by a CBA

27

28

6

1   and a position not covered." <u>Kinores</u>, 902 F. Supp. at 1204.  No exception exists for workers who

2   perform non-covered tasks for entire shifts, as opposed to partial shifts.

3          Finally, Culp argues that the rule in <u>Kinores</u> does not extend to travel time to and from the

4   job sites.  The collective bargaining agreement specifies that "[o]n any day on which an Employee is

5   required to report to the yard, the Employee's time will start at the yard."  McBride Dec., Exh. B at

6   114.  Similarly, where the Employee is required to return to the yard, the Employee's time will end

7   at the yard.  <u>Id.</u>  Culp claims that its employees were not required to take the transportation provided

8   by Culp to and from the yard, but could do so if they wished.

9          Plaintiffs respond that Culp in fact paid its employees for the travel time to and from the

10  yard, and that as a result Culp should be required to pay into the trusts for that time as well.  Culp

11  does not dispute that it paid its employees for travel time, though at a lower rate.  As plaintiffs note,

12  the agreement requires contributions for "each hour worked or paid each Employee."  Culp was

13  therefore required to make contributions for paid travel time.

14         In sum, Culp has raised no valid reason why it was not obligated to make contributions for

15  the undisputed hours set forth in plaintiffs' motion.  Plaintiffs' request for summary adjudication as

16  to the undisputed hours is therefore granted.

17

18  II.    <u>Calculation of Hours</u>

19         The parties disagree as to the number of hours properly attributed to Mr. Etter, a salaried

20  employee.  Under Ninth Circuit law, a salaried employee is presumed to work 40 hours per week

21  unless the employer presents evidence to the contrary.  <u>See, e.g.</u>, <u>B & E Backhoe</u>, 911 F.2d at

22  1351–52.  Culp has submitted an affidavit, signed by defendant Hom, stating that Mr. Etter in fact

23  worked only 25 hours per week.

24         Plaintiff argues that the Hom affidavit is insufficient to rebut the presumption, in light of

25  Culp's payroll records, which list Mr. Etter as a 40-hour-per-week employee.  It is not the role of the

26  court on a motion for summary judgment, however, to weigh conflicting evidence offered by the

27  parties.  At oral argument, Culp offered to produce an affidavit from Mr. Etter corroborating the

28

UNITED STATES DISTRICT COURT
For the Northern District of California

7

1    Hom affidavit.  Plaintiffs represented that if Mr. Etter corroborates Mr. Hom's testimony, plaintiffs

2    will likely be able to come to an agreement with Culp as to Mr. Etter's hours.  Culp is therefore

3    ordered to obtain an affidavit from Mr. Etter in order to facilitate further discussions with plaintiffs.

4    Based on the current record, with respect to the disputed portion of Mr. Etter's time, plaintiffs'

5    motion for summary adjudication is denied.

6

7    III.    Hom's Liability

8          Culp next argues that defendant Hom cannot be found liable because he is not a signatory to

9    the collective bargaining agreement in his individual capacity.  Plaintiffs concede this point.

10   Plaintiffs' claims for contributions, liquidated damages and attorneys' fees against Mr. Hom are

11   therefore dismissed with prejudice.

12

13   IV.    Penalties, Interest, Fees and Costs

14         Finally, plaintiffs request that the court enter final summary judgment as to the amount owed,

15   including past-due contributions, liquidated damages, attorneys' fees and costs.  As there are still

16   unresolved questions as to the number of hours at issue, it is premature to engage in the

17   determination of damages at this time.  Plaintiffs' motion, to the extent it seeks a ruling on damages,

18   is therefore denied without prejudice.  Moreover, in light of the parties' representations at oral

19   argument, the court expects that the parties will be able to come to an agreement as to the amount

20   owed without further intervention of the court.

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

8

UNITED STATES DISTRICT COURT
For the Northern District of California

1  | CONCLUSION

2  |         For the foregoing reasons, the court hereby GRANTS IN PART plaintiffs' motion for

3  | summary judgment.  Specifically, the court finds Culp liable with respect to all claimed hours other

4  | than those hours allegedly worked by Mr. Etter which are still in dispute.  Culp is ordered to produce

5  | an affidavit from Mr. Etter corroborating his actual hours of employment.  The claims for monetary

6  | damages against defendant Hom are dismissed with prejudice.

7  |

8  |

9  |         IT IS SO ORDERED.

10 |

11 |

12 | Dated:  May 17, 2006

13 |                                                      MARILYN HALL PATEL
   |                                                      District Judge
14 |                                                      United States District Court
   |                                                      Northern District of California

9

ENDNOTES

1.  At oral argument, the parties noted that there is still a minor dispute as to how the hours have been totaled, but that the parties will be able to resolve the issue through further discussion.

10